# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GAM REALTY, LLC,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 16-2910 (PAD)** |
| **DRNA SECRETARY, <u>et al.</u>,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

GAM Realty, LLC ("GAM") initiated the present action for declaratory and injunctive relief under 42 U.S.C. § 1983 against Nelson J. Santiago Marrero, former Secretary of the Department of Natural and Environmental Resources of Puerto Rico ("DRNA"); and Alberto Lastra-Power, former Executive Director of the Puerto Rico Management and Permits Office ("OGPe") (Docket No. 14). Before the court is defendants' "Motion to Dismiss Pursuant to Federal Civil Procedure Rule 12(b)" (Docket No. 14), which plaintiff opposed (Docket No. 19). For the reasons explained below, the motion is DENIED.

### I.     STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v.

Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). It does not, however, require a plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

## II. DISCUSSION

### A. The complaint[1]

GAM seeks to build an open-area parking lot for commercial purposes in a property it owns is Barrio Palmas (Palmas Ward), Cataño, Puerto Rico (Docket No. 1 at ¶¶ 8-9, 16). But OGPe has not issued the required permit because DRNA has imposed numerous conditions for the construction and use of the parking lot, including that GAM cede to the DRNA free and in perpetuity, title to 2.8 out of the 5 *cuerdas* of GAM's property. Id. at ¶ 25. According to GAM, these "unconstitutional conditions" amount to a deprivation of GAM's property in violation of its Fifth and Fourteenth Amendment right not to have its property taken for public use without just compensation, id. ¶¶ 16-27; have deprived GAM of $30,000.00 in monthly rent that it would otherwise be receiving under a commercial agreement that has already been signed (id. at ¶45); and impaired the use and value of the remaining portions of the property. Id. at ¶ 43. What is

---

[1] The court takes the Complaint's well pled allegations as true.

more, it claims that DRNA arbitrarily, illegally and erroneously reclassified the habitats found in the property with the sole purpose of justifying its demand that GAM cede or transfer the title to the property's 2.8 *cuerdas* for free and in perpetuity. Id. at ¶ 34.

### B. Defendants' Motion to Dismiss

Defendants contend that GAM failed to state a claim (Docket No. 14). Their motion does not, however, discuss specific Supreme Court case law – which GAM noted in its Opposition – where conditions on issuance of permits for land use or development analogous to the ones alleged here were considered unconstitutional. Similarly, it makes no attempt to analyze these – or analogous – opinions and explain to the court their applicability or non-applicability to GAM's particular claims. As such, the court need not tarry long to conclude that defendants' motion lacks merit. The allegations are sufficient at this stage.

### III. CONCLUSION

In view of the foregoing, defendants' motion to dismiss is DENIED. Defendants shall answer the complaint by **June 22, 2017**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of June, 2017.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO HERNANDEZ
                                                  U.S. DISTRICT JUDGE